UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

TOKIO MARINE SPECIALTY INSURANCE
COMPANY,

                  Plaintiff,

         - against –

THE CINCINNATI SPECIALTY UNDERWRITERS
INSURANCE COMPANY; ZARA REALTY HOLDING
CORP. (a/k/a/ ZARA REALTY); PARK HAVEN, LLC;
PARK HAVEN DE, LLC,

                 Defendants.
---------------------------------------------------------- ----------- X

CIVIL ACTION NO:_____

DECLARATORY JUDGMENT
COMPLAINT

Jury Trial Demanded

Plaintiff TOKIO MARINE SPECIALTY INSURANCE COMPANY ("Tokio"), by and

through its attorneys, MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C., as

and for its declaratory judgment against defendants THE CINCINNATI SPECIALTY

UNDERWRITERS INSURANCE COMPANY ("CSU"), ZARA REALTY HOLDING CORP.

a/k/a ZARA REALTY (collectively, "Zara"), PARK HAVEN, LLC ("Park Haven"), and PARK

HAVEN DE, LLC ("Park DE") (collectively, "defendants") alleges the following, upon

knowledge with respect to itself and its own acts and upon information and belief as to all other

matters, as follows:

## NATURE OF THE CASE

1.    This is an action seeking, among other relief, declaratory judgment pursuant to 28

U.S.C. § 2201, in which Tokio seeks declaratory relief that CSU's Commercial General Liability

policy no. CSU0141204 issued to Zara is obligated to defend and indemnify Zara, Park Haven and

other defendants in the lawsuit entitled *Crisendat Guyadeen v. Park Haven LLC, et al.*, filed in the

Supreme Court of Queens New York, Index No. 700450/2021 ("Underlying Action") and the

subsequent Second Amended Verified Complaint (collectively, "Action"); for declaratory relief that

Zara, Park Haven, Park DE and other defendants in the Action are not entitled to a defense or

indemnity coverage for the Action under Premises Environmental Coverage policy no. PPK2052763

issued by Tokio to Zara; in the alternative, for a declaratory judgment that CSU is obligated to pay 50/50 of the defense fees, costs and expenses incurred to defend the Action pursuant to its agreement with Tokio.

## THE PARTIES

2.     Defendant CSU is incorporated in the State of Delaware, has its principal place of business at 6200 S. Gilmore Road, Fairfield, Ohio 45014, and it was, at all relevant times to this action, duly authorized to and did conduct business in the State of New York.

3.     Defendant Zara is a domestic business corporation duly organized and doing business under the laws of the State of New York, with its principal place of business at 166-07 Hillside Avenue, Jamaica, New York 11432, and it was, at all times relevant to this action, duly authorized to and did conduct business in the State of New York.

4.     Defendant Zara acts as a managing agent for one or more of the defendants and managed property known as 88-25 153rd Street, Jamaica, New York 11432 ("site") at the time of the sewage backup at issue in the Underlying Action.

5.     Defendant Park Haven is a domestic limited liability company duly organized and doing business under the laws of the State of New York, with its principal place of business in the State of New York in Queens County, and it was, at all times relevant to this action, duly authorized to and did conduct business in the State of New York and is licensed as a limited liability company in the State of Delaware.

6.     Defendant Park DE is domestic limited liability company duly organized and doing business under the laws of the State of New York, with its principal place of business in the State of New York in Queens County, and it was, at all times relevant to this action, duly authorized to and did conduct business in the State of New York and is licensed as a limited liability company in the State of Delaware.

7.     Plaintiff Tokio is incorporated in the State of Delaware, and has its principal place of business address at 1 Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004, and it was, at all

times relevant to this action, duly authorized to and did conduct business in the State of New York.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because this action arises between citizens of different states and meets the jurisdictional requirements for the amount in controversy.

9.      This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 2201(a) to declare the obligations of CSU and Tokio to Zara, Park Haven and Park DE.

10.     An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policies of insurance issued by Tokio and CSU.

11.     This action involves a commercial insurance coverage dispute and seeks declaratory relief.

12.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because Zara, Park Haven and Park DE reside in this district.

## FACTUAL BACKGROUND

14.     Underlying plaintiff Crisendat Guyadeen ("Guyadeen") was a tenant in a basement apartment at the site.

15.     On May 19, 2020 Guyadeen reported a sewage backup in his apartment.

16.     Zara acted as the managing agent for Park Haven at the time of the alleged sewage backup at the site.

17.     The May 19, 2020 sewage backup continued into May 20, 2020, which then required an employee, agent or representative of Zara, Park Haven or Park DE to hire Express Piping Sewer & Drain Cleaning ("Express").

18.     On January 8, 2021 Guyadeen filed the Underlying Action against Park Haven and Zara. *See,* Exhibit A.

19.     On March 19, 2021 a Second Amended Verified Complaint was filed, adding

defendants Park DE and Express. *See*, Exhibit B.

20.     Guyadeen alleges in the Action that his bodily injuries were caused by sewage backup.

## INSURANCE POLICIES

21.     CSU issued Commercial General Liability policy no. CSU0141204 to Zara, having a policy period of October 20, 2019 to October 20, 2020, and a limit of liability of $1,000,000 each occurrence and a $2,000,000 general aggregate limit of liability, subject to $25,000 per occurrence self-insured retention ("CSU Policy").

22.     Tokio issued Premises Environmental Coverage policy no. PPK2052763 to Zara, having a policy period of October 20, 2019 to October 20, 2024, and a limit of liability of $5,000,000 per contamination occurrence and a $10,000,000 aggregate limit of liability, subject to $25,000 self-insured retention ("Tokio Policy").

## CSU'S COVERAGE POSITION

23.     On or about May 4, 2021 CSU issued a "RESERVATION OF RIGHTS, NOT A DISCLAIMER OF COVERAGE LETTER" in response to Park Haven's tender of the Underlying Action under the CSU Policy. *See*, Exhibit C.

24.     CSU retained as its third-party administrator Great Prairie Risk Solutions, Inc. ("TPA") to administer the insurance coverage triggered by the Action.

25.     CSU appointed the law firm of Chartwell Law in New York, New York to defend its insureds in the Action.

26.     On May 5, 2021 the TPA advised Zara's and Park Haven's broker Metropolitan Risk to put Tokio on notice of the Underlying Action. By email dated May 5, 2021 Metropolitan Risk reported the Underlying Action under the Tokio Policy.

27.     On or about June 22, 2021, TPA entered into an agreement with Philadelphia Indemnity Insurance Company ("PIIC") to share 50/50 the defense fees, costs and expenses in the Underlying Action.

28. On or about August 4, 2021[1] CSU sent a letter to Zara disclaiming coverage for the Underlying Action. *See*, Exhibit D.

29. Notwithstanding the August 4, 2021 CSU disclaimer letter, CSU continued to pay defense fees, costs and expenses in the Underlying Action until at least March, 2022.

30. On or about March 10, 2022, the TPA advised PIIC that CSU would no longer pay defense fees, costs and expenses because it had disclaimed coverage in 2021.

### TOKIO'S COVERAGE POSITION

31. On June 3, 2021, Tokio issued a partial disclaimer letter to Zara with respect to the Underlying Action. *See*, Exhibit E.

32. On September 6, 2022, Tokio issued a supplemental partial disclaimer of coverage letter with respect to the Action. *See*, Exhibit F.

### COUNT I - AGAINST CSU
### (Declaratory Judgment – Duty to Defend)

33. Tokio repeats and reiterates each and every allegation made in paragraphs designated "1" through "32" inclusive, with the same force and effect as if set forth herein.

34. On May 19, 2020 the CSU Policy issued to Zara was in full force and effect.

35. The CSU Policy issued to Zara, in effect for the period October 20, 2019 to October 20, 2020. insured Zara. Park Haven. Park DE and/or Express.

36. Zara (or its agent or representative) reported the bodily injury claims in the Underlying Action to CSU and sought to have CSU assume its responsibilities and obligations to defend and indemnify its insureds in the Underlying Action.

37. CSU acknowledged tender of the Underlying Action bodily injury claims, issued a reservation of rights letter dated May 4, 2021, and retained defense counsel to defend the Underlying Action.

38. On August 4, 2021 CSU wrongfully disclaimed coverage for the Underlying Action.

---

[1] Erroneously dated April 21, 2021.

39.     The August 4, 2021 CSU disclaimer letter violated New York Insurance Law §3420 and, as such, was a legal nullity and of no effect.

40.     Despite written demand that CSU withdraw its wrongful disclaimer of coverage, CSU has refused to do so.

41.     Tokio has suffered and will continue to suffer damage, harm and prejudice because of CSU's failure to provide insurance coverage pursuant to the CSU Policy, and pursuant to its 50/50 defense sharing agreement with Tokio.

42.     Tokio is therefore entitled to a declaration that CSU has a duty to defend one or more defendants in the Action.

43.     Accordingly, an actual and justifiable controversy exists regarding the nature and extent of the insurance coverage owed to the defendants under the CSU Policy for the Action.

44.     A judicial determination and declaration of the rights and obligations between CSU and Tokio is necessary and appropriate at this time because Tokio has no adequate remedy at law which will resolve the current controversy.

## COUNT II - AGAINST CSU
### (Declaratory Judgment – Duty to Indemnify)

45.     Tokio repeats and reiterates each and every allegation made in paragraphs designated "1" through "44" inclusive, with the same force and effect as if set forth herein.

46.     Before May 19, 2020 the CSU Policy issued to Zara was in full force and effect.

47.     The CSU Policy issued to Zara, in effect for the period October 20, 2019 to October 20, 2020 covered one or more of the defendants as an insured and/or additional insured.

48.     Zara demanded that CSU assume its responsibilities and obligations to its insureds under the CSU Policy, and defend and indemnify the defendants.

49.     CSU acknowledged that the Underlying Action was tendered for coverage under the CSU Policy.

50.     CSU has failed to comply with its obligation to defend and indemnify one or more of

the defendants and has otherwise failed to perform or acknowledge its duties to the defendants to the extent of coverage provided under the CSU Policy.

51.    Tokio has suffered and will continue to suffer damage, harm and prejudice because of CSU's failure to defend and indemnify one or more of the defendants under the CSU Policy and pursuant to New York law.

52.    CSU has a duty to indemnify defendants for any settlement or judgment rendered in the Action.

53.    Accordingly, an actual and justifiable controversy exists regarding the nature and extent of the insurance coverage owed to defendants in the Action.

54.    A judicial determination and declaration of the rights and obligations between CSU and Tokio is necessary and appropriate at this time because Tokio and/or CSU have no adequate remedy at law which will resolve the current controversy.

## COUNT III
### (Declaratory Judgment as to Sewage Backup Exclusion)

55.    Tokio repeats and reiterates each and every allegation made in paragraphs designated "1" through "54" inclusive, with the same force and effect as if set forth herein.

56.    Tokio issued the Tokio Policy to Zara.

57.    The Tokio Policy insures Zara and Park Haven.

58.    The Action alleges Guyadeen suffered injuries based upon or arising out of sewage backup in his basement apartment.

59.    The Tokio Policy contains at Section IV, Exclusions, Par. X, a Sewage Backup exclusion which states:

> This policy does not apply to **claims, loss, remediation expense, emergency expense, defense expense** or any other coverage afforded under this policy:
>
> **X. Sewage Backup** - Based upon or arising out of reverse flow of sewage through a **sanitary lateral** into any structure including, but not limited to, third-party residences and commercial buildings.

60.     The Sewage Backup exclusion was asserted in Tokio's June 3, 2021 coverage position letter and in its Supplemental Partial Disclaimer of Coverage letter dated September 6, 2022. *See*, Exhibits E and F.

61.     Tokio seeks a declaration based upon the applicability of the Exclusion X, the Sewage Backup exclusion in the Tokio Policy, that it has no obligation to defend or indemnify any defendant in the Action.

**COUNT IV**
**(Declaratory Judgment as to Park DE)**

62.     Tokio repeats and reiterates each and every allegation made in paragraphs designated "1" through "61" inclusive, with the same force and effect as if set forth herein.

63.     The Tokio Policy is a claims-made and reported policy.

64.     The Underlying Action was first filed on January 8, 2021.

65.     On or about February 3, 2021, Park DE requested to be added as an additional insured to the Tokio Policy.

66.     Park DE failed to disclose relevant information, material information and made a material misrepresentation(s) to Tokio at the time it was requested that Park DE be named in the Additional Insured Schedule of the Tokio Policy.

67.     Tokio issued the amended Additional Insured Schedule to the Tokio Policy in reliance upon Park DE's material misrepresentation(s).

68.     Park DE did not report the Action to Tokio and Tokio has been materially prejudiced as a consequence of Park DE's failure to report the Action.

69.     Park DE failed to disclose relevant information and material facts then known to it when seeking status as an additional insured in the Tokio Policy.

70.     If Park DE had disclosed all pending action information then known to it at the time it applied for insurance, Tokio would not have agreed to Park DE being added to the Additional Insured Schedule of the Tokio Policy.

71.     Tokio requests a declaration that at the time Park DE sought to be named to the Additional Insured Schedule of the Tokio Policy it made a material misrepresentation(s).

72.     Tokio requests a declaration that it is entitled to rescission of the amended Additional Insured Schedule of the Tokio Policy due to Park DE's material misrepresentation(s) and to rescind Park DE's status as an additional insured.

73.     Tokio further requests that Park DE's failure to disclose the Action to Tokio has prejudiced Tokio and that such material prejudice entitles Tokio to disclaim coverage for Park DE.

**COUNT V**
**(Declaratory Judgment - 50/50 Sharing of Defense Fees and Costs)**

74.     Tokio repeats and reiterates each and every allegation made in paragraphs designated "1" through "73" inclusive, with the same force and effect as if set forth herein.

75.     Tokio and CSU entered into a 50/50 sharing agreement to pay reasonable fees, costs and expenses incurred to defend the Action.

76.     CSU wrongfully withdrew from the 50/50 sharing agreement it entered into with Tokio.

77.     Tokio paid defense fees, costs and expenses in the Action pursuant to the 50/50 sharing agreement entered into with CSU.

78.     In the alternative (should the Court not grant Tokio the relief requested in Count III as to the applicability of the Sewage Backup exclusion), Tokio requests a declaration that CSU must continue to pay defense fees, costs and expenses in the Action based on the 50/50 sharing agreement Tokio and CSU entered.

**PRAYER FOR RELIEF**

**WHEREFORE,** Tokio asks the Court to issue a judgment declaring that:

a.     CSU has a duty to defend the Action;

b.     CSU has a duty to indemnify in the Action;

c.   Tokio has no obligation for defense or indemnity in the Action because Exclusion X (Sewage Backup) precludes coverage for the Action;

d.   Tokio is entitled to rescission of the amended Additional Insured Schedule of the Tokio Policy and to rescind Park DE's status as an additional insured thereunder;

e.   In the alternative, Tokio is entitled to a declaration that CSU must continue to pay defense fees, costs and expenses in the Action pursuant to the 50/50 sharing agreement it entered into with Tokio, and

f.   Tokio is granted such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands jury by trial of all issues so triable in this cause.

Dated: New York, New York
September 12, 2022

MARSHALL CONWAY BRADLEY
GOLLUB & WEISSMAN, P.C.

Christopher T. Bradley (CB4725)
Samuel F. Paniccia   (SP9780)
45 Broadway, Suite 740
New York, New York 10006
Phone: (212) 619-4444
cbradley@mcwpc.com
spaniccia@mcwpc.com
*Attorneys for Plaintiff,*
*Tokio Marine Specialty Insurance Company*