UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TOKIO MARINE SPECIALTY INSURANCE COMPANY,

                      Plaintiff,

v.

THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, ZARA REALTY HOLDING CORP., PARK HAVEN, LLC, AND PARK HAVEN DE, LLC,

                      Defendants.

**MEMORANDUM AND ORDER**
22-CV-5431 (LDH (PK)

---

L\aSHANN D\eARCY HALL, United States District Judge:

Tokio Marine Specialty Insurance Company ("Plaintiff") brings this action against Zara Realty Holding Corp. ("Zara"), Park Haven LLC ("Park Haven"), and Park Haven DE, LLC ("Park DE") (collectively, "Zara Defendants"), and The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati Insurance"), seeking declaratory relief pursuant to 28 U.S.C. § 2201(a), regarding application of two insurance policies to an underlying lawsuit filed in New York Supreme Court, Queens County. Zara Defendants, joined by Cincinnati Insurance (collectively "Defendants"), move pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the complaint in its entirety.

## BACKGROUND[1]

This insurance coverage dispute arises from a lawsuit filed against Zara Defendants in New York Supreme Court, Queens County (the "Underlying Action"). On January 8, 2021, Crisendat Guyadeen commenced the Underlying Action against Zara and Park Haven, alleging

---

[1] The following facts are taken from the complaint (ECF No. 1) and are assumed to be true for the purpose of deciding the instant motion.

1

that he sustained bodily injuries from a sewage backup in his apartment in May 2020.  (Compl. ¶¶ 14-20, ECF No 1.)  On March 19, 2021, Guyadeen amended his complaint in the Underlying Action to add Park DE and Express Piping Sewer and Drain Cleaning, Inc., as defendants.  (*Id*. ¶ 19.)  Guyadeen alleges in the Underlying Action that Zara (as property manager) along with Park Haven and Park DE (as property owners) failed to make the property safe and adequately respond to the sewage backup.  (Compl., Ex. B, ¶¶ 7–8, 11, 40–50, ECF No. 1-2.)

At the time of the sewage backup, Zara held insurance polices from both Plaintiff and Cincinnati Insurance.  Plaintiff issued Premises Environmental Coverage with a policy period of October 20, 2019, through October 20, 2024 ("Tokio Policy").  (*Id*. ¶ 22.)  Cincinnati Insurance issued a Commercial General Liability coverage with a policy period of October 20, 2019, through October 20, 2020 ("Cincinnati Policy").  (*Id.* ¶ 21.)

Zara Defendants notified both its insurers, Plaintiff and Cincinnati Insurance, about the Underlying Action.  (*Id.* ¶¶ 23, 26.)  At that time, the two insurance companies agreed to evenly split defense fees, costs, and expenses incurred to defend the Underlying Action.  (*Id.* ¶¶ 27, 75.)  However, on August 4, 2021, Cincinnati Insurance informed Zara Defendants that it disclaimed coverage because of a policy exclusion for bodily injuries caused by mold exposure.  (*Id.* ¶ 28.)  On March 10, 2022, Cincinnati Insurance notified Plaintiff that it "would no longer pay defense fees, costs and expenses because it had disclaimed coverage in 2021."  (*Id.* ¶ 30.)

Plaintiff initiated the instant action on September 12, 2022, asserting five counts for declaratory relief that:  (1) Cincinnati Insurance has a duty to defend one or more of the defendants in the Underlying Action (*id.* ¶ 42);  (2) Cincinnati Insurance has a duty to indemnify the defendants in the Underlying Action (*id.* ¶¶ 50, 52);  (3) Plaintiff has no obligation to defend or indemnify any defendant in the Underlying Action under the Tokio Policy exclusions (*id.* ¶

61); (4) Plaintiff is entitled to rescind Park DE's status as an additional insured (*id.* ¶ 72); and (5) in the alternative, Cincinnati Insurance is obligated to equally share defense fees, costs, and expenses incurred to defend the Underlying Action pursuant to the agreement between Plaintiff and Cincinnati Insurance (*id.* ¶ 78.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The Petitioner bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to Plaintiff[].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)) (alteration in original). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

## DISCUSSION

Federal courts are courts of limited jurisdiction and cannot preside over cases absent subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are

met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3).

To claim diversity of citizenship jurisdiction, the plaintiff must satisfy the requirements of 28 U.S.C. § 1332. Section 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (quoting *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014)); *see also Osorio v. Hasenmeyer*, No. 02-CV-5866(SJ), 2005 WL 408048, at *1 (E.D.N.Y. Feb. 16, 2005) ("It is well-established that this is a complete diversity requirement, meaning that when multiple defendants are involved, the plaintiff must establish diversity with respect to *every* defendant.") (emphasis added).

According to the complaint, this Court has subject matter jurisdiction over Plaintiff's claims based on diversity of citizenship. (Compl. ¶ 8.) In moving the Court to dismiss the complaint, Defendants argue that diversity is not complete here because Plaintiff and Cincinnati Insurance are both incorporated in Delaware. (Zara Defs.' Mem. Of Law in Supp. of Mot. Dis. ("Zara Defs.' Mem.") at 2–3, ECF No. 35-1); (The Cincinnati Specialty Underwriters Insurance Co.'s Mem. L. Joining Zara Defs.' Mot. to Dis. ("Cincinnati Ins. Mem.") at 1–2, ECF No. 37.) The Court agrees with Defendants.

By Plaintiff's own admission, the parties here are not diverse. The complaint states that Plaintiff is "incorporated in the State of Delaware, and has its principal place of business" in

Pennsylvania; meanwhile Cincinnati Insurance "is incorporated in the State of Delaware" and "has its principal place of business" in Ohio. (Compl. ¶¶ 2, 7.) Because the complaint alleges that Plaintiff and Cincinnati Insurance are both "incorporated" in Delaware, the two parties are citizens of Delaware for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). As such, there is no "complete diversity," and this Court lacks subject matter jurisdiction. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) (noting "that diversity is not complete if any plaintiff is a citizen of the same state as any defendant").

Confronted with this jurisdictional defect, Plaintiff responds that a corporation's citizenship is determined by where the company's "nerve center" is located. (Pl's Mem. L. Opp. Zara Defs.' Mot. Dis. ("Pl's Mem.") at 3–4, ECF No. 35-4.) Plaintiff argues the parties here are diverse because Plaintiff's nerve center is Pennsylvania, and Cincinnati Insurance's nerve center is Ohio. (*Id.* at 4.)[2] Even if Plaintiff is correct as to where the parties' "nerve centers" are located, Plaintiff ignores that the Court must *also* consider where the parties are incorporated for purposes of diversity jurisdiction.

As Defendants correctly note, and the statute makes clear, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added); (Zara Defs.' Mem. at 2–3); (Cincinnati Ins. Mem. at 2.) As such, "[b]oth the state of incorporation and the principal place of business should be considered in deciding whether diversity jurisdiction is present." *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131, 141 (2d Cir. 1991).

---

[2] Plaintiff makes these same arguments both in its opposition to the Zara Defendants' motion to dismiss, (ECF No. 35-4), and its opposition to Cincinnati Insurance's motion to dismiss, (ECF No. 38.)

Defendants further argue that complete diversity is lacking because "Park DE and Park Haven include as members a Delaware trust with a Delaware trustee, and are therefore citizens of Delaware." (Zara Defs.' Mem. at 3.) Plaintiff responds that, based on outside court records, Park DE and Park Haven have "nerve center[s]" in New York. (Pls.' Mem. at 5–6.) Plaintiff also argues that Park DE and Park Haven are not citizens of Delaware because—even if their members include a Delaware trust—"the trustee is not the real party in interest." (*Id.* at 8.) In the alternative, Plaintiff requests more discovery "into the existence of jurisdiction." (*Id.* at 7.)

Even crediting Plaintiff's claims as to where the Zara Defendants might be citizens, none of those arguments save Plaintiff's case from dismissal. Plaintiff's shared citizenship with Cincinnati Insurance, by itself, destroys complete diversity and requires dismissal as to *all* Defendants. *See Cresswell*, 922 F.2d at 68; *Osorio*, 2005 WL 408048, at *1–2 (granting motion to dismiss "with respect to all Defendants" where plaintiffs and one defendant shared New York citizenship).[3]

Moreover, although Zara Defendants devote considerable time in their brief as to why the Court should not realign the parties to preserve subject matter jurisdiction, Plaintiff never addresses the argument. (Zara Defs.' Mem. at 3-7.) As such, it is deemed abandoned. *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018) ("District courts in this circuit have found that a plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.") (internal quotation omitted) (collecting cases).[4]

---

[3] Nor is subject matter jurisdiction available here because Plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 (Compl. ¶ 9); "the Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) ("Rather, there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment.").

[4] Even if Plaintiff had properly raised the argument, the Court is unlikely to realign Plaintiff and Cincinnati Insurance on the same side of a lawsuit predicated on the two parties' adversarial relationship. *See Maryland Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 624 (2d Cir. 1993), *amended* (May 16, 1994) (declining to realign insurance

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's complaint are GRANTED.

                                                               SO ORDERED.

Dated: Brooklyn, New York                    /s/ LDH
       September 29, 2023                LaSHANN DeARCY HALL
                                           United States District Judge

---

companies in a coverage dispute because "with millions of dollars at stake, which of them must pay or how far back coverage would extend inevitably pitted each insurer against all the others").